UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| 326 LAND COMPANY, LLC, a Michigan limited liability company,<br><br>　　　　Plaintiff,<br><br>v<br><br>CITY OF TRAVERSE CITY, a Michigan Home Rule City, SHAWN WINTER, City Planning Director,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:22-cv-45<br><br>Honorable Paul L. Maloney<br><br>Magistrate Phillip J. Green |
| Ross A. Leisman (P41923)<br>James F. Scales (P40639)<br>Mika Meyers PLC<br>Attorneys for Plaintiff<br>900 Monroe Avenue, NW<br>Grand Rapids, MI 49503<br>rleisman@mikameyers.com<br>jscales@mikameyers.com<br>_____/ | Peter B. Worden (P41899)<br>Garan Lucow Miller, PC<br>Attorneys for Defendants<br>3335 W. South Airport Road, Ste. 5A<br>Traverse City, MI 49684<br>(231) 941-1611<br>pworden@garanlucow.com |

**PLAINTIFF'S BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT AS TO COUNTS IV AND V**

03300924 2

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................................... iii

I.    The Published Decision *Save Our Downtown v City of Traverse City* is Current and Binding Michigan Law and Supports Judgment on the Pleadings in Plaintiff's Favor. ................................................................................................................................. 1

    A.    Introduction ............................................................................................................ 1

    B.    There Are No Disputed Issues of Fact, and 326 Land is Entitled to Summary Judgment on the Pleadings on Counts IV and V Pursuant to FRCP 12(c) or FRCP 56(a) ....................................................................................... 3

    C.    *Save Our Downtown v City of Traverse City* is Binding Precedent in This Case. ....................................................................................................................... 4

    D.    326 Land is Entitled to Summary Judgment on Count IV of the Complaint .......... 6

    E.    326 Land is Entitled to Summary Judgment on Count V of the Complaint. .......... 8

    F.    The Measurement of the Flat Roof Elevation. ..................................................... 10

II.    Conclusion and Relief Requested. .................................................................................... 11

INDEX OF EXHIBITS ........................................................................................................... 13

# INDEX OF AUTHORITIES

**Cases**

*FCA US, LLC v. Spitzer Autoworld Akron, LLC,*
   887 F. 3d 278 (6th Cir. 2018) .................................................................................... 10

*Houthoofd v. Tuscola Cty,*
   841 F. App'x 827 (6th Cir. 2021) ................................................................................. 3

*Hurst v. City of Burlingame,*
   207 Cal. 134, 141, 277 P. 308, 311 (1929) ................................................................. 9

*Johnson v. White,*
   261 Mich. App. 332, 682 N.W.2d 505 (2004) ......................................................... 5, 6

*Korash v. Livonia,*
   388 Mich. 737, 202 N.W.2d 803 (1972) ................................................................. 8, 9

*Mixon v. State of Ohio,*
   193 F.3d 389 (6th Cir. 1999) ....................................................................................... 3

*Paskvin v. City of Cleveland Civil Serv. Comm'n,*
   946 F.2d 1233 (6th Cir. 1991) ..................................................................................... 3

*S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*
   479 F.2d 478 (6th Cir. 1973) ....................................................................................... 3

*Save Our Downtown v. City of Traverse City,*
   ___ Mich. App. ___, ___ N.W.2d ___; 2022 Lexis 6164 (Mich. Cl App. No.
   359536, October 13, 2022) ................................................................................ passim

**Statutes and Court Rules**

FRCP 12(c) ........................................................................................................................ 3

FRCP 56(a) ........................................................................................................................ 3

MCL 125.3101 ................................................................................................................... 8

MCL 125.3202(1) ............................................................................................................... 8

MCR 7.210 ......................................................................................................................... 5

MCR 7.215(C)(2) ....................................................................................................... 2, 4, 5

MCR 7.215(E)(1) ............................................................................................................... 5

MCR 7.215(F)(1) ............................................................................................................... 5

MCR 7.215(F)(1)(a)................................................................................................... 5

MCR 7.310.............................................................................................................. 5

03300924 2

## I. THE PUBLISHED DECISION *SAVE OUR DOWNTOWN V CITY OF TRAVERSE CITY* IS CURRENT AND BINDING MICHIGAN LAW AND SUPPORTS JUDGMENT ON THE PLEADINGS IN PLAINTIFF'S FAVOR.

### A. Introduction

The central issue in this case is whether the Peninsula Place building being constructed by 326 Land is required to be approved by City voters under Section 28 of the Traverse City Charter.[1] That depends on whether Section 28 is valid under State law and the Constitution, and if so how the 60-foot height trigger in Section 28 is to be measured. After this case was filed, and while the approval of the Settlement Agreement was pending in this Court, the Michigan Court of Appeals released its published decision in *Save Our Downtown v. City of Traverse City*, ___ Mich. App. ___, ___ N.W.2d ___; 2022 Lexis 6164 (Mich. Cl App. No. 359536, October 13, 2022) (Slip Opinion attached as **Exhibit A**.) That decision ruled that the height trigger in Section 28 was to be measured according to the rules in the Traverse City Zoning Ordinance ("TCZO"), which excludes roof top appurtenances such as those above the 60-foot level on the 326 Land building. And it reached that decision using reasoning which would hold that Section 28 was invalid under State Law.

The City has refused to recognize the binding, precedential effect of the Court of Appeals decision on this case on the basis that the filing of an application for leave to appeal in *Save Our Downtown* suspended the effectiveness of the decision as applied to the 326 Land case. As noted in our "Supplemental Brief of Plaintiff 326 Land Company LLC on Mootness": "The City has made clear that it considers itself still bound by Judge Power's decision under MCR 7.215(F)(1)(a)."

The *Save our Downtown* decision also held that even though the TCZO was to be applied in determining if Section 28 was applicable, the City had erroneously applied the ordinance by

---

[1] Section 28 of the Charter is sometimes referred to in the pleadings in this case as "Proposition 3", referring to its position on the ballot.

1

excluding from the height measurement about 22 inches of insulation and pavers attached above the structural flat roof deck of the Innovo building involved in the *Save Our Downtown* case. This apparently led the City to go back and look back at the plans for Peninsula Place and discover that it had made a similar "mistake" for our building, and that insulation, waterproofing and pavers extended up to about 18 inches above the 60-foot height of the structural flat roof deck of the building. Because Circuit Judge Power's decision was that the 60-foot trigger height was to be measured to the highest point on a building - the rooftop appurtenances in 326 Land's case - that issue had never been brought up before by the City and was not the basis for the stop work order. As further noted in our brief on the question of mootness, this was the second obstacle to the City agreeing to resolve the case outside of the proposed settlement agreement.

In the context of awaiting this Court's decision on the proposed Settlement Agreement, 326 Land did not contest the City's refusal to recognize the precedent of *Save Our Downtown*. Now that the Court has declined to approve the Settlement Agreement, 326 Land brings this motion for summary judgment based on the binding precedent of *Save Our Downtown*.

*Save Our Downtown* is new law, and it is binding Michigan law and binding right now. According to Michigan Court Rule, - ignored by the City in its posture with 326 Land and again now in its motion for summary judgment - a published Court of Appeals decision is binding precedent. That is expressly so regardless of whether an application for leave to appeal has been filed with the Michigan Supreme Court, and indeed even if leave to appeal has been granted. MCR 7.215(C)(2).

In the *Save Our Downtown* decision, the Michigan Court of Appeals held that building height is to be measured in accordance with the TCZO for purposes of implementing the requirement of a vote under Section 28 of the City Charter. The TCZO expressly excludes from height measurement rooftop equipment and other appurtenances extending above a building with a height of 60 feet. The

2

rooftop appurtenances on top of the 326 Land building – stairway entrances, elevator equipment, and other equipment - fall within the exceptions to height measurement and do not trigger a vote under Section 28 of the Charter.

Moreover, in reaching that decision, the Court of Appeals relied on existing Michigan Supreme Court precedent in holding that to rule otherwise would violate the Michigan Zoning Enabling Act ("MZEA"). The MZEA provides an orderly process for the adoption of zoning ordinances regulating height and other aspects of land use through a legislative process consistent with sound land use planning principles. Such zoning restrictions may not be overridden under a provision of city charter, leaving these decisions to the unfettered discretion of the electorate. The *Save our Downtown* decision applied this precedent to Section 28 of the Traverse City Charter, and Section 28 is now invalid.

### B. There Are No Disputed Issues of Fact, and 326 Land is Entitled to Summary Judgment on the Pleadings on Counts IV and V Pursuant to FRCP 12(c) or FRCP 56(a)

FRCP 12(c) permits a party to move for judgment on the pleadings. According to *Houthoofd v. Tuscola Cty*, 841 F. App'x 827, 830 (6th Cir. 2021):

> "For purposes of a motion for judgment on the pleadings, a well-pleaded material allegations of the pleadings of the opposing party must be taken as true and the motion may be granted on if the moving party is nevertheless clearly entitled to judgment" *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973). However, "we need not accept as true legal conclusions or unwarranted factual inference." *Mixon v. State of Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). A Rule 12(c) motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvin v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

To the extent material outside of the pleadings is to be considered, this motion may also be considered as a motion for summary judgment under FRCP 56(a) which provides for entry of summary judgment in favor of a party if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

3

The City relies solely on the opinion of Judge Power in its defense of Counts IV and V of the complaint. Under the precedent of the *Save Our Downtown* decision, 326 Land is entitled to judgment as a matter of law on Counts IV and V.

### C. *Save Our Downtown v City of Traverse City* is Binding Precedent in This Case.

326 Land was not a party to the *Save Our Downtown* litigation. In his ruling that regarding measurement of height for purposes of Section 28 of the Charter, the Circuit Judge specifically noted that the ruling did not apply to "anyone else's building."

> [N]ow one of the things requested in the complaint is directing the City to reverse any prior grant of approval and/or permit for construction of a building in excess of 60 feet. The extent we are talking about anyone else's building, those people have not been a part of this case, and I don't think we can grant- there's lots of reason to- because, like, for example, the buildings are already built; that might not be proper, though we can't do that without them being part of the case.

**Exhibit B** - Excerpt of November 10, 2021 Grand Traverse Circuit Court Hearing in *Save Our Downtown* Litigation.

On appeal, the Michigan Court of Appeals reversed Judge Power's decision and held that for purposes of determining whether Section 28 of the Charter required a vote, the 60-foot triggering height was to be measured in accordance with the TCZO. Under that ruling, the rooftop appurtenances extending above the 326 Land building roof are properly excluded from the height measurement.

*Save Our Downtown* has been designated as a published decision of the Court of Appeals. MCR 7.215(C)(2) provides:

> A published opinion of the Court of Appeals has precedential effect under the rule of stare decisis. <u>The filing of an application for leave to appeal to the Supreme Court or a Supreme Court order granting leave to appeal does not diminish the precedential effect of a published opinion of the Court of Appeals.</u>

(Emphasis added)

MCR 7.215(F)(1)(a), upon which the City relies in refusing to lift the stop work order, only suspends the execution of the Court of Appeals judgment if leave to appeal has been filed with Supreme Court. MCR 7.215(F)(1) provides:

> *Routine Issuance.* Unless otherwise ordered by the Court of Appeals or the Supreme Court or as otherwise provided by these rules,
>
> (a) the Court of Appeals judgment is effective after the expiration of the time for filing an application for leave to appeal to the Supreme Court, or, if such an application is filed, after the disposition of the case by the Supreme Court;
>
> (b) execution on the Court of Appeals judgment is to be obtained or enforcement proceedings had in the trial court or tribunal after the record has been returned (by the clerk under MCR 7.210 [H] or by the Supreme Court clerk under MCR 7.310 [B]) with a certified copy of the court's judgment or, if a record was not transmitted to the Court of Appeals, after the time specified for return of the record had it been transmitted.

However, a pending application for leave to appeal does not suspend the precedential effect of the decision. The City's interpretation of MCR 7.215(F)(1)(a) is directly contrary to Michigan law. *Johnson v. White*, 261 Mich. App. 332, 682 N.W.2d 505 (2004) held it to be an abuse of discretion for the trial judge not to vacate a contempt order, based upon his refusal to follow a published Court of Appeals decision because it was being appealed to the Supreme Court. The Court of Appeals held:

> The trial court disagreed with the defendant's assertion because it believed that MCR 7.215(C)(2) had to be read in conjunction with MCR 7.215(F)(1)(a).*** Additionally, MCR 7.215(E)(1) provides that when the Court of Appeals disposes of an appeal, its opinion is its judgment. Therefore, the trial court declined to give *DeRose* precedential effect because it concluded that our opinion was not a final judgment.
>
> However, the court's reliance on MCR 7.215(F)(1)(a) is misplaced. This court rule pertains to the timing of when our judgment becomes final in regards to the parties to the appeal and its enforceability with respect to the trial court that presided over the case. Under this court rule, a timely application for leave to appeal to the Supreme Court operates as a stay of the Court of Appeals judgment regarding its enforcement by the prevailing party to that action *** In contrast, the plain language of MCR 7.215(C)(2) provides that neither the filing of an application for leave to appeal to the Supreme Court nor an order granting such leave diminishes the precedential effect of

5

a published opinion of the Court of Appeals. Where the language of the court rule is clear, we presume the drafters intended the meaning plainly expressed. *** Therefore, the trial court erred in determining that the *DeRose* decision did not need to be given precedential effect. To conclude otherwise would render the court rule nugatory; such a construction is to be avoided.

*Id.* p. 347-349 (internal citations omitted)

326 Land's case is not about whether the City can issue a permit for the Innovo building involved in the *Save our Downtown* litigation or some other future building. It is about whether the City properly stopped construction of Peninsula Place. There is no "effective rule of law in Traverse City" apart from State law. As of October 2022, the law of the State of Michigan – of which Traverse City is a part – is the *Save Our Downtown* decision. Under that decision, Peninsula Place was not required to be subjected to a vote of the electorate and 326 Land is entitled to partial summary judgment on Counts IV and V of the complaint.

### D. 326 Land is Entitled to Summary Judgment on Count IV of the Complaint.

Count IV of Plaintiff's complaint alleges deprivation of property rights by the unauthorized revocation of the land use permit and issuance of a stop work order by the City and its Planning Director. In its response to the complaint, the City admits that action was taken based solely on the Circuit Court Judge's interpretation of Section 28 of the City Charter, an interpretation which has now been rejected by a published and binding Court of Appeals decision.

In its answer, the City admits that the land use permit for the building was issued in compliance with Proposition 3 Implementation policy.

> 147. The July LUP for the 326 Building was issued in compliance with the Proposition 3 Implementation Policy.
>
> **ANSWER:**
>
> **Admitted as of the time the permit was issued. Denied, however, that the building remained in compliance with those provisions of the Implementation Policy that the Grand Traverse County Circuit Court found to be illegal.**

6

Its response to the previous allegation explains the City's position in more detail:

> 146. The Planning Director is bound to follow the Proposition 3 Implementation Policy.
>
> **ANSWER:**
>
> **Denied, for the reason that same is untrue, and for the further reason that no facts exist to support the allegations contained herein. By way of further answer, the Planning Director's and the City's obligation is to follow the law and they are not bound to follow those provisions in the Implementation Policy which have been found to be invalid and improper by a circuit court judge. By way of further answer, the City disagrees with the Circuit Court's determination in the Innovo TC Hall, LLC case and has presently taken that issue up on appeal, but pending the outcome of the appeal, that is the law.**

In his deposition testimony, Planning Director Shawn Winter likewise acknowledged that the plan submitted by 326 Land complied with the zoning ordinance and implementation policy.

**Exhibit C** - Winter Deposition excerpt pp. 7-8; 11-12

The implementation policy for Section 28 of the Charter provides:

> For purposes of determining whether the Charter provision is triggered by a proposed building with a height above 60 feet, the methods of measuring building height contained in the Traverse City Zoning Ordinance shall be applied.

**Exhibit D**

The Court of Appeals decision in *Save Our Downtown* affirms the implementation policy:

> We conclude, therefore, that the trial court erred by granting declaratory judgment and injunctive relief in favor of Plaintiffs on the basis of its findings that the charter amendment stated a different method of measuring building that differed from, and took precedence over, the methods stated in the zoning ordinance, and we reverse those portions of the Trial Court's order that granted declaratory judgment and injunctive relief in favor of Plaintiffs.

*Save Our Downtown*, slip op. at 8 (**Exhibit A**)

The City has admitted in the pleadings that Peninsula Place complies with the implementation policy and the TCZO for approval without a vote. Following the decision in *Save Our Downtown*, the City's defense against Count IV has vanished. Under that decision, the TCZO

7

03300924 2

is to be applied in determining whether a building exceeds 60 feet in height, triggering the requirement of a vote under Section 28 of the Charter. It was admitted by the City in its answer that Peninsula Place is less than 60 feet in height as measured by the TCZO. Accordingly, there is no genuine dispute as to any material fact, and 326 Land is entitled to a judgment as a matter of law that the City's action in revoking the land use permit and issuing a stop work order was invalid. 326 Land is entitled to complete its building as had originally been approved by the City.

### E. 326 Land is Entitled to Summary Judgment on Count V of the Complaint.

Count V of Plaintiff's complaint alleges that Section 28 of the City Charter is contrary to and superseded by the Michigan Zoning Enabling Act, and therefore that the action of the City and its Planning Director in revoking the land use permit in reliance on this invalid charter provision is a violation of 326 Land's constitutional due process rights.

In the *Save Our Downtown* litigation, the Plaintiff argued in favor of upholding the Circuit Court's interpretation of Section 28 of the Charter on the basis that: "The City Charter controls because it is tantamount to Traverse City's constitution, and therefore, possesses greater authority [than the zoning ordinance]." *Save Our Downtown*, slip op. at 7. The Court of Appeals squarely rejected the argument, holding that as a purported attempt to amend the zoning ordinance, Section 28 of the Charter was invalid because it was contrary to state law:

> [T]o the extent that the charter amendment purported to change the zoning ordinance's method of measuring height of a building, the charter amendment would be invalid. An initiative that purports to enact or amend a zoning ordinance is invalid unless it complied with the procedural requirements found in the Michigan Zoning Enabling Act (MZEA), MCL 125.3101 et seq. See MCL 125.3202(1) ("Amendments or supplements to the zoning ordinance shall be adopted in the same manner as provided under this act for the adoption of the original ordinance."); see also *Korash v Livonia*, 388 Mich 737, 738; 202 NW2d 803 (1972) (holding that the Legislature intended to authorize home rule cities to enact zoning ordinances by legislation only, not by voter initiative). Plaintiffs do not claim that the voter enacted ballot initiative that resulted in the charter amendment complied with the procedural requirements of the MZEA.

8

03300924 2

*Id.*, slip op. at 7-8.

In reaching that decision, the Court applied existing Michigan precedent to Section 28 of the Traverse City Charter. The *Korash* decision, relied on by the Court of Appeals, explained in detail why zoning ordinances may be adopted and amended only according to the enabling act, not by city charter:

> As a consequence, the Home Rule Act provision for zoning must be read in conjunction with the Zoning Enabling Act. When so read, the question is whether the exercise of the charter authorized right to initiative is compatible with the city authority to zone. The answer is it is not, particularly where the city has set up a zoning authority.
>
> The initiative makes no provision that (1) a tentative report on the proposed ordinance be made by the Livonia Planning Commission; (2) a public hearing be held by the Livonia Planning Commission; (3) a final report be made by the Livonia Planning Commission; (4) publication of notice of hearing be made; (5) a public hearing be held by the Livonia City Council; and (6) affected property owners have the opportunity to file a written objection to the proposed zoning change and to force a 3/4 vote of the Livonia City Council.
>
> As was stated by the California Supreme Court in *Hurst v. City of Burlingame*, 207 Cal. 134, 141, 277 P. 308, 311 (1929)
>
> "The initiative law and the zoning law are hopelessly inconsistent and in conflict as to the manner of the preparation and adoption of a zoning ordinance."

*Korash v. City of Livonia,* 388 Mich. 737, 744 -746.

The Court of Appeals holding in *Save Our Downtown* was foreshadowed by the opinions of the Attorney General and Governor that Section 28 was invalid after reviewing the proposed language of the proposition which became Section 28 of the Charter before it was submitted to the electorate. **Exhibits E and F.**

Following the invalidation of Section 28 of the Charter, there is no defense to Count V of Plaintiff's complaint. The Circuit Judge's decision in the *Save Our Downtown* case was predicated upon and assumed the validity of Proposition 28. The City in turn based its decision to revoke the land use permit and halt construction of Peninsula Place on the Circuit Court's decision. The Court

9

of Appeals decision in *Save Our Downtown* takes away the underpinnings of any defense to Count V[2].

Therefore, 326 Land requests that this Court enter its order declaring that the Peninsula Place building is not subject to Section 28 of the City Charter and may be constructed in compliance with the TCZO.

### F. The Measurement of the Flat Roof Elevation.

A ruling in favor of 326 Land on Counts IV or V, or both, may leave unresolved a possible error which the City made in excluding the insulation, waterproofing, and pavers from the measurement of the flat roof level of the Peninsula Place. This issue could be resolved by determining that 326 Land is entitled to complete the building as approved, in the context of the motions and cross motions pertaining to vested rights and estoppel. In the alternative, this issue did not arise until after discovery on the issue of vested rights been completed, and it may be open to more precise measurement or interpretation of the zoning ordinance whether the highest point of the roof deck does in fact exceed 60-feet in height. The Court could order discovery, or mediation between the parties to determine if that issue can be resolved without further Court proceedings. Finally, if summary judgment is granted on Count V on the basis that Section 28 of the City Charter is invalid, then the additional height could be approved as a "taller building" by the City under procedures in the TCZO.

---

[2] The effect of the *Save Our Downtown* decision is that Judge Power's 2019 decision in *326 Land Company v City of Traverse City*, which involved a different, 100-foot-tall building was incorrect. That decision therefore has no collateral estoppel or res judicata effect in this case. *See FCA US, LLC v. Spitzer Autoworld Akron, LLC*, 887 F. 3d 278, 286 (6th Cir. 2018).

03300924 2

## II. CONCLUSION AND RELIEF REQUESTED.

For the reasons set forth above, Plaintiff 326 Land is entitled to summary disposition on Counts IV and V. 326 Land respectively requests that the Court:

A. Grant summary judgment on Count IV of the Complaint by determining that the City was and is in error to not follow the TCZO under the Implementation Policy and that as a result, the rooftop appurtenances extending from the top of the 326 Land building, including mechanical equipment, stairway exits, and elevator shafts, do not trigger a requirement of a vote under Section 28 of the City Charter, and that the height of these appurtenances was not a proper basis for revocation of the Land Use Permit number PLU 21-0112 or issuance of a stop work order against construction.

B. Grant summary judgment on Count V of the Complaint by determining that Section 28 of the Traverse City Charter is invalid.

C. If determined that Section 28 is invalid under Count IV then, (i) make a determination with respect to the insulation, waterproofing, and pavers located above the structural roof deck of the 326 Land building in the context of motions for summary judgment on the issue of vested rights or collateral estoppel; (ii) order further discovery and proceedings on that issue; or (iii) defer further action on that issue until 326 receives special land use approval or the parties explore another solution on that limited issue.

D. If determined that rooftop appurtenances extending from the top of the 326 Land building, including mechanical equipment, stairway exits, and elevator shafts, do not trigger a requirement of a vote under Section 28 under Count IV without ruling that Section 28 is invalid under Count V, then (i) make a determination with respect to the insulation, waterproofing, and pavers located above the structural roof deck of the 326 Land building in the context of motions for

11

summary judgment on the issue of vested rights or collateral estoppel; or (ii) order further discovery and proceedings on that issue.

  E. Enter an order for discovery and further proceedings on the damages and attorney fees owed to 326 Land for violation of 326 Land's constitutional rights.

          Respectfully submitted,

          MIKA MEYERS PLC
          Attorneys for Plaintiff

Dated: 6/9/23    By: _____
          Ross A. Leisman (P41923)
          James F. Scales (P40639)
          900 Monroe Avenue, NW
          Grand Rapids, MI 49503
          (616) 632-8000

## INDEX OF EXHIBITS

Exhibit A – Court of Appeals Slip Opinion in *Save Our Downtown v City of Traverse City*

Exhibit B – Excerpt of Circuit Court Hearing in *Save Our Downtown v City of Traverse City*, November 10, 2021 (Full transcript found at Exhibit M to Defendants' Partial Motion for Summary Judgment as to Counts I, II, IV, V, and VI)

Exhibit C – Winter Deposition excerpt pp. 7-8; 11-12 (Full transcript found at Exhibit E to Defendants' Partial Motion for Summary Judgment as to Counts I, II, IV, V, and VI)

Exhibit D – Implementation Policy

Exhibit E – Governor's letter declining approval of Proposition 3

Exhibit F – Attorney General's letter declining approval of Proposition 3

03300924 2