**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| 326 Land Company, a Michigan limited liability company, | Case No. 1:22-CV-45 |
| Plaintiff, | Honorable Paul L. Maloney |
| V | |
| City of Traverse City, a Michigan Home Rule City, and Shawn Winter, City Planning Director, | |
| Defendants. | |

_____

Ross A. Leisman (P41923)
James F. Scales (P40639)
Mika Meyers, PLC
Attorneys for Plaintiff
900 Monroe Ave., NW
Grand Rapids, MI  49503
(616) 632-8000
jscales@mikameyers.com
rleisman@mikameyers.com

Peter B. Worden (P41899)
Garan Lucow Miller, PC
Attorneys for Defendants
3335 W. South Airport Rd., Ste. 5A
Traverse City, MI  49684
(231) 941-1611
*Direct Mail To:*
1155 Brewery Park Blvd, Suite 200
Detroit, Michigan 48207-1530
pworden@garanlucow.com

_____

**Defendants' Reply to Plaintiff's Brief in Response to Partial Motion for Summary Judgment as to Counts I, II, IV, V and VI and Claims of Estoppel**

**Certificate of Service**

i

# **TABLE OF CONTENTS**

TABLE OF CONTENTS .................................................................................................ii

INDEX OF AUTHORITIES ..................................................................................... iii, iv

ARGUMENT ................................................................................................................ 1

I.  The issuing of permits alone does not cover vested rights ......................................... 1

II. Plaintiff's work was not a substance character toward the nonconforming use, and the actual nonconforming use was not apparent and manifested by a tangible change in the land ............................................................................................................................. 2

III. The delivery of specialized materials did not materially and objectively change the land ............................................................................................................................... 4

IV. Removal of the old law building is not "substantial construction" .............................. 5

V.  Vested rights are not established when the work done would support a conforming as well as a nonconforming use ..................................................................................... 6

VI. Even if Plaintiff can pursue as estoppel claim, the elements of estoppel are not met 7

VII. A procedural due process claim also requires vested rights .................................. 10

VIII. Plaintiff's due process challenges to Section 28 also require a showing of vested rights ........................................................................................................................... 12

# **INDEX OF AUTHORITIES**

## Cases:

*Belvedere Township v Heinze,* 241 Mich App 324, 328 (2000). ................... 1, 2, 4, 5

*Bloomfield Township v Beardsly*, 349 Mich supra at 307 ...................................... 6, 7

*Bonner v City of Brighton,* 495 Mich 209, 231 (2014) cert. den. 135 Supreme Court 230, 574 U.S. 871, 190 L. Ed. 2d 134 (2014). ......................................................................... 4

*De Mall v City of Lowell*, 368 Mich 242, 236 (1962) ................................................. 1

*Dingeman Advertising, Inc. v Algoma Township,* 393 Mich 89 (1974) *Eklund v Clackamas Cty.,* Or. App. 73, 82, 583 P.2d 567, 572 (1978).

*Dorr v City of Ecorse,* 305 F. App'x 270, 275 (2008)....................................... 10, 11

*Eklund v Clackamas Cty.,* Or. App. 73, 82, 583 P.2d 567, 572 (1978)....................... 7

*Gackler Land Co., Inc. v Yankee Springs Township*, 427 Mich 562 (1986) ............ 6, 7

*GMAC, LLC v Treasury Department,* 286 Mich App 365, 377 (2009) App den. 486 Mich 961 (2010). ). .................................................................................................................... 9

*Hamilton v Myers,* 281 F.3d, 520, 529 (CA 6 2002)................................................. 10

*Heath Twp. v Sell,* 442 Mich 434, 447 (1993). ......................................... 2, 3, 4, 11

*Lansing v Dawley,* 249 Mich 394, 397 (1929). ................................................... 7

*Nasierowski Brothers Investment Co. v Sterling Heights*, 949 F.2d 890 (CA 6 1991)..... ........................................................................................... 8, 9, 10, 11, 12

*Orozco v City of Monroe,* unpublished decision of the United State District Court, Eastern District of Michigan, Southern Division (December 9, 2009) 2009 WL 4730442, ft. 1. . ................................................................................................................................ 12

*Sandenborgh v Michiganne Oil Co.,* 249 Mich 372, 374 (1930) ........................... 1, 5

*Schubiner v West Bloomfield Township.*, 133 Mich App 490, 500 (1984) .............. 1, 6

*Seguin v City of Sterling Heights*, 968 F.2d 584, 591 (CA 6 1992)........................... 11

### I.     The Issuing of Permits Alone Does Not Confer Vested Rights

Plaintiff's Brief (ECF No. 55) seems to argue that obtaining the necessary permits was sufficient to confer it with vested rights.  To be sure obtaining the necessary permits is a critical prerequisite to establishing vested rights, and the City Defendants have never contended that Plaintiff did not acquire all the necessary permits; however, acquiring the necessary permits is not in and of itself enough to confer vested rights.  There also has to be actual, tangible physical construction: "[T]he work of substantial character must be toward the actual use of the land for nonconforming purpose.  The actual use that is nonconforming must be apparent and manifested by a tangible change in the land . . . " *Belvedere Township v Heinze,* 241 Mich App 324, 328 (2000).  See also *Schubiner v West Bloomfield Township.*, 133 Mich App 490, 500 (1984) ("Furthermore, the grant of a permit to build does not in itself confer on the grantee "vested rights."  Actual construction must commence).  (Citations omitted).

Plaintiff attempts to establish a dichotomy between cases in which permits were issued and cases where they were not, but in all of the cases they reference where permits were issued and vested rights were established substantial construction was also involved.  In *Dingeman Advertising, Inc. v Algoma Township,* 393 Mich 89 (1974), the Plaintiff had largely constructed the subject billboard off site.  *Sandenborgh v Michiganne Oil Co.,* 249 Mich 372, 374 (1930) referenced "the work commenced toward the construction of the building."  In *De Mall v City of Lowell*, 368 Mich 242, 236 (1962) the Court noted "in the instant case it is apparent from the time application was made and the

1

permit issued the owner performed substantial work in utilizing the property in accordance with the permit."

The Michigan Supreme Court repeated that a permit alone does not confer vested rights in *Heath Twp. v Sell,* 442 Mich 434, 447 (1993). And Plaintiff's Brief itself recognizes, at ECF No. 5, p. 7, that "in addition to obtaining the necessary permits, the acquisition of vested rights requires actual construction pursuant to those permits."

Plaintiff may choose to find it "disheartening" for the City Defendants to point out that Plaintiff does not have a vested right simply in its Land Use Permit (ECF No. 55, p.6). But the fact of the matter is that it is axiomatic under Michigan law that vested rights do not accrue in the permits themselves. There has to also be "work of a substantial character toward the actual use of the land for nonconforming purposes" and that "actual use that is nonconforming" must be "apparent and manifested by a tangible change in the land." *Belvedere Township,* supra. See also *Heath Township, supra.* at 440.

## II. Plaintiff's Work was not of a Substantial Character Toward the Nonconforming Use, and the Actual Nonconforming Use was not Apparent and Manifested by a Tangible Change in the Land.

Plaintiff's construction activities as of the date of the Stop Work Order simply do not satisfy the prerequisite of "work of a substantial character toward the actual use of the land for nonconforming purposes," nor an "actual nonconforming use" that was "apparent and manifested by a tangible change in the land."

Plaintiff's Brief attaches a disputed photograph and claims more construction activity as the site than what was observed by City employees Shawn Winter and Dave Weston. The City Defendants have already articulated the differences between what Messrs. Winter and Weston observed and the construction activities claimed by Plaintiff;

at best, there is a question of fact over whether the crane was being erected and onsite when the Stop Work Order was issued (Messrs. Winter and Weston, riding by on their bicycles almost every day, could hardly have failed to notice a crane on site but they both testified that they did not see one. See ECF No. 50, p. 9).

However, this is not a *material* question of fact because for all of Plaintiff's efforts to demonstrate the construction activity at the site, there's really no material question of fact as to the amount of actual work of substantial character resulting in an actual nonconforming use that is "apparent and manifested by a change in the land": **none**. As already detailed in the City Defendants' prior Brief, Plaintiff's contractor acknowledged that at most they had dug a few of the excavation holes for the eventual boring and construction of the foundation piles. These were a few holes in the ground (6 holes out of a planned 318). Whether or not the crane was on site, Plaintiff's contractor acknowledged that no borings had been made. No foundation concrete had been poured. (See ECF No. 50, pp. 8-9).

In 1993 the Michigan Court stated in *Heath Twp. v Sell, supra*, 442 Mich at 444-445:

> Michigan case law is clear that there must be construction beyond preliminary preparation to establish a prior nonconforming use. It is the present state of the property, not the present intention to put property to a future use, that must be the criterion.

In *Heath Twp.*, the plaintiff developer contended he had established a prior nonconforming use as a single-wide mobile home plat by obtaining a topographical survey, installing test walls to locate an appropriate location for a sewage system, constructing a roadway, and digging a 184 foot deep commercial water well and building a concrete block well house. The Michigan Supreme Court concluded that all of this was

3

of a preliminary nature and the developer had failed to commence construction of a "substantial character." *Id.,* at 445-446.

326 Land's construction activities could just as easily accommodate a shorter building, as Plaintiff and its contractor acknowledged. It is true that the City Defendants place reliance on this fact, because Michigan jurisprudence is clear that when construction activities improve a property in a manner consistent with both the nonconforming and the conforming uses, the construction does not created vested rights in the nonconforming use. *Belvedere Twp.., supra* at 329-330. We suppose it is true that the work could support a very solidly constructed one-story gift shop, as Plaintiff's Brief suggests at page 10. The City Defendants however were thinking it could also just as easily support a four-story building as a five-story building.

A four-story building may well not be what Plaintiff wanted and planned for but Michigan law does not afford us the luxury of attributing vested rights simply on the basis of a party's expectations, reasonable or otherwise. In fact Michigan jurisprudence is very firm in telling us that a person needs more than an abstract need, desire, or unilateral expectation. *Bonner v City of Brighton,* 495 Mich 209, 231 (2014) cert. den. 135 Supreme Court 230, 574 U.S. 871, 190 L. Ed. 2d 134 (2014).

### III. The Delivery of Specialized Materials Did Not Materially and Objectively Change the Land.

Plaintiff's Brief mentions specialized materials being delivered to the site, specifically the rebar.

However the rebar is not actual nonconforming use that is "apparent and manifested by a tangible change in the land." In 1993 the Michigan Supreme Court said, in *Heath Twp., supra.* at 441, "work of a substantial nature beyond mere preparation must

4

materially and objectively change the land itself." Delivery of specialty rebar to the site did not "materially and objectively" change the land itself.

The cases cited by Plaintiff do not say otherwise. The *Dingeman Advertising* decision was actually not based on delivery of specialized materials to the site, but rather on the construction of the subject billboard offsite. The *Sandenborgh* case did reference purchasing of materials, but also mentioned the commencement of actual construction. *Sandenborgh* is a 1930 case and offers little to clarify much less refute the more modern decisions which clearly require actual substantial construction to generate vested rights.

And regardless of how Plaintiff planned to use the rebar Plaintiff has made no showing that it could not be used in the construction of a shorter building.

### IV. Removal of the Old Law Building is Not "Substantial Construction."

The discussion in Plaintiff's Brief concerning the demolition and removal of the old law building misses the key point: whether demolition of an old building constitutes "substantial construction" doesn't turn on whether the removed building had value. Instead, the appropriate question to ask is whether its demolition was substantial construction that resulted in an actual nonconforming use that is "apparent and manifested by a tangible change in the land." *Belvedere Twp., supra* at 328.

Removal of an old building can't meet that criteria, because removing the building alone is not by itself a physical, tangible manifestation of a nonconforming use. All removal of the building does is clear the land for any number of potential uses, including uses that would be conforming -- and therefore does not give rise to vested rights. *Belvedere Twp., supra*.

*Schubiner v West Bloomfield Township,* 133 Mich App 490 (1984) did involve a removal of a building. The building's value may not have been explicitly discussed in the opinion but it's clear it would have had value – an entire residential home and its foundation were removed in that case. The Michigan Court of Appeals held that removal of that building wasn't sufficient to create vested rights.

Plaintiff's Brief attempts to diminish the *Schubiner* holding by referencing MCR 7.215(J)(1), but this is misleading. That court rule merely resolves conflicts in Court of Appeals decisions by requiring panels to follow the holdings on a given topic subsequent to 1990. It does not, however, state that a published decision issued prior to 1990 has no precedential value. Since there is no Michigan Court of Appeals decision subsequent to 1990 that conflicts with *Schubiner*, this Court can feel safe in following it.

### V. Vested Rights Are NOT Established When the Work Done Would Support a Conforming as well as a Nonconforming Use

Beginning at page 15 of their Brief, Plaintiff enters into a lengthy discussion of *Gackler Land Co., Inc. v Yankee Springs Township*, 427 Mich 562 (1986), and attempts to convince this Court to disregard it and instead adopt an amorphous "flexible" standard that presumably would allow this Court to disregard over 90 years of Michigan jurisprudence.

The *Gackler* decision did not originate any new rule; rather, it summarized and pragmatically applied the rules on vested rights that had been in existence for decades. At 427 Mich at 574, the *Gackler* noted the requirement that "there must be work of a 'substantial character' done by way of preparation and actual use of the premises," citing *Bloomfield Township v Beardsly*, 349 Mich supra at 307. The Court also noted that the actual use which is nonconforming must be apparent and manifested by a tangible

6

change in the land, as opposed to intended or contemplated by the property owner and that in this regard, "preliminary operations such as ordering plans, surveying the land, and the removal of old buildings are insufficient to establish a nonconforming use," citing *Bloomfield Township, supra* as well as *Lansing v Dawley,* 249 Mich 394, 397 (1929).

The *Gackler* Court was merely applying these standards and finding that a use that would support a conforming as well as a nonconforming use was not sufficient to created vested rights, because a conforming use was not an "actual use" which was "nonconforming" and "apparent and manifested by a tangible change in the land."

And this case is hardly analogous with *Eklund v Clackamas Cty.,* Or. App. 73, 82, 583 P.2d 567, 572 (1978). In that case, the developer had almost completed a water system capable of supplying water to 108 homes, as opposed to the 20 that had been constructed. And the developer had built those 20 homes out of the intended 108. Substantial construction, in other words, was well underway, unlike in the present case.

Plaintiff wants to limit all these cases to their specific facts, but a clear rule has emerged in Michigan after over 90 years of decisions: to obtain vested rights, there has to be actual construction; there has to be an actual, tangible manifestation of a nonconforming use. Tangible changes that can equally support a conforming use simply don't meet the standard, as they do not constitute physical manifestations of the nonconforming use.

### VI. Even if Plaintiff Can Pursue an Estoppel Claim, the Elements of Estoppel are not Met.

The City Defendants' original Brief has already pointed out that Estoppel is a defense, not a claim; it can't support a cause of action. However, even if the claim can be allowed, its elements are not met here.

7

Plaintiff asserts that the elements of estoppel are (1) a party by representation, admissions or silence, intentionally or negligently induces another part to believe facts; (2) the other party justifiably relies and acts on this belief; and (3) the other party will be prejudiced if the first party is permitted to deny the existence of the facts. Plaintiff's Brief (ECF No. 55), page 23.

But what exactly are the "facts" that the City Defendants allegedly induced Plaintiff to believe, and that the City Defendants are now attempting to deny? The law on measuring a building's height was as it had been set forth in the zoning ordinance for decades; and then that law changed by judicial decree. The City Defendants are not attempting to deny what the law was until Judge Power's ruling; in fact, the City appealed Judge Power's ruling. What the City Defendants – and the Plaintiff, and this Court -- cannot do is simply pretend that Judge Power's ruling didn't change the law. The law changed, as laws do, albeit in this case by judicial action – the Defendants did not change the law..

Compare this case to that of *Nasierowski Brothers Investment Co. v Sterling Heights*, 949 F.2d 890 (CA 6 1991), cited by Plaintiff's Brief (ECF No. 55, p. 29). In that case, a developer had engaged in extensive discussions with the municipality and only bought the property after the municipality assured it that the property would be zoned to allow its intended use. A change to the zoning was then discussed at a council meeting, and the developer was again assured the zoning would allow its intended use. The council then went into executive session, and abruptly changed the zoning to prohibited the developer's intended use; the change was instigated by one council member who was personally interested. The council did not inform the developer – whom it had assured

8

the zoning would allow its use – or even its own planning department, with the result that the developer continued to make plans for several days before learning to its surprise that its permits were denied.

The City Defendants have substantial disagreement with *Nasierowski Brothers* and its value as precedent, as will be discussed below; but, if a claim of estoppel exists, that is what it would look like. In that case the municipality specifically assured and promised the developer that zoning would be one way, inducing the developer to purchase the property and begin planning; only to then pull the rug out from under it.

Conversely, in this case, the City did not induce the Plaintiff to do anything. The City only applied the law as it actually existed. It did not do anything to change that law; the law was changed by a court decision. Once the law changed, the City was obliged to apply the new law. The City did not induce the Plaintiff, and did not initiate any change to the law that harmed the Plaintiff.

What Plaintiff really seems to be saying is that the "facts" the City Defendants allegedly induced Plaintiff to believe, and that we should be estopped from denying, *is that the law as it existed prior to Judge Power's' ruling would never change.* And that would be a patently absurd assertion. No one can have an expectation that the law will stay unchanged, a point recognized in *GMAC, LLC v Treasury Department,* 286 Mich App 365, 377 (2009) App den. 486 Mich 961 (2010).

And the City Defendants still question whether an estoppel claim has ever been properly pled.

Plaintiff's Brief at page 23 references a single line which is contained in Count I of its Complaint, which is entitled "Destruction of Vested Rights without Due Process of

9

Compensation: 5th Amendment and 14th Amendment, Section 1 of U.S. Constitution; 42 USC § 1983."  Respectfully it appears to be more an afterthought than a claim, and it appears in the midst of a Count which otherwise implicitly recognizes that Plaintiff has to demonstrate it acquired "vested rights" in order to prevail in this litigation.

Plaintiff seems to be now suggesting that "estoppel" gives it a basis to prevail even if it lacks vested rights, and this Court should firmly reject that notion -- acquisition of vested rights is a firm prerequisite of any constitutional due process claim. *Hamilton v Myers,* 281 F.3d, 520, 529 (CA 6 2002).

### VII. A Procedural Due Process Claim Also Requires Vested Rights.

It is axiomatic that to successfully maintain a claim of denial of due process, Plaintiff is required to establish the existence of a protected property interest which, in the context of this case, is determined by looking to substantive state zoning laws. *Dorr v City of Ecorse,* 305 F. App'x 270, 275 (2008).  See also *Hamilton, supra.*  Nonetheless Plaintiff cites *Nasierowski Brothers Investment Co., v Sterling Heights*, 949 F.2d 890 (CA 6 1991) for the proposition that a procedural due process claim does not require vested rights.

*Nasierowski Brothers* is a very unique case that bears no similarity to the instant action.  In *Nasierowski Brothers*, the developer purchased the property on the basis of assurances from the municipality that the intended use would be allowed.  The municipality continued to assure the developer's use would be permitted as it considered new zoning.  Then in a private executive session the council rezoned the property in a way the prevented the developer's intended use, at the instigation of a single council member who was acting out of personal interest.

10

Those are particularly egregious circumstances that are in no way consistent with the facts of this case, where the City Defendants were applying a rule of building height measurement that has been in force for many years but who were then confronted with a change in the law by judicial decree.

Also, in *Nasierowski Brothers* the developer actually *bought* the subject property based on the municipalities assurances. At no point did the 6th Circuit panel that decided *Nasierowski Brothers* say that the developer did not have to acquire vested rights in order to pursue a procedural due process claim. What the panel seemed to be saying is that in the context of unique and very egregious circumstances, the purchasing of the property was itself sufficient to confer vested rights.

There is strong reason to doubt that *Nasierowski Brothers* establishes that within the 6th Circuit vested rights are not necessary in a procedural due process claim. Note the case of *Seguin v City of Sterling Heights*, 968 F.2d 584, 591 (CA 6 1992), handed down the following year after *Nasierowski Brothers,* and holding that a plaintiff could not proceed with a procedural due process claim where it lacked "vested rights."

More importantly, there is very strong reason to doubt that *Nasierowski Brothers* correctly predicts Michigan law on the need for vested rights in the form of substantial construction. In 1993 (just two years after *Nasierowski Brothers*) the Michigan Supreme Court, in *Heath Twp.,* 442 Mich 434, extensively discussed the need for vested rights to support a due process claim, making it clear there had to be "work of a substantial nature beyond mere preparation" that "must materially and objectively change the land itself." This Court must look to and apply substantive Michigan law on the question of vested rights. *Dorr,* 305 Fed. Appx. At 275.

11

In 2009 Judge O'Meara of the Eastern District of Michigan expressed these concerns when he declined to follow *Nasierowski Brothers*. *Orozco v City of Monroe,* unpublished decision of the United State District Court, Eastern District of Michigan, Southern Division (December 9, 2009) 2009 WL 4730442, ft. 1.

Based on the foregoing, *Nasierowski Brothers* does not provide a compelling reason to abandon the requirement of "vested rights" in the pursuit of a due process claim.

### VIII. Plaintiff's Due Process Challenges to Section 28 Also Require a Showing of Vested Rights.

Finally, Plaintiff's Brief argues beginning at page 30 that it should be permitted to maintain its challenge of the underlying legality of Section 28 regardless of whether it has acquired vested rights. Plaintiff specifically refers to Count II of its Complaint, which is a due process challenge to Section 28; Count V, which is another due process challenge to Section 28; and VI which is a takings claim.

However, for the reasons already expressed above and in the City Defendants' original Brief (See ECF No. 50, pp. 13-15), the deprivation of an actual property interest in the form of vested rights needs to exist in order to proceed on a due process or a takings claim.

The City Defendants' position is that any challenge to the underlying legality of Section 28's requirement of an affirmative vote of the City electorate approving a building taller than 60 feet should all be barred under *res judicata* and/or *collateral estoppel*, as expressed in their briefing on their pending Motion for Partial Summary Judgment on those grounds (ECF No. 51). However, to the extent these claims are not barred by *res judicata* or *collateral estoppel*, the fact remains that Plaintiff still has to demonstrate a

vested property interest to maintain a viable due process or takings claim. Without a constitutionally protected property interest, those claims cannot be maintained.

This was precisely one of the major reasons 326 Land did not prevail in the previous state court litigation - the state court found that 326 Land lacked vested rights. The City Defendants' position is that 326 Land *still* lacks the necessary vested rights to maintain these claims, simply because its construction had not proceeded far enough.

Arguing that it does not need to acquire vested rights in order to challenge Section 28 (again), Plaintiff refers to case law on standing. However, this case law has nothing to do with vested rights being a requirement of a due process claim. Plaintiff has not come forward with any legal authority supporting its position that it need not have vested rights to maintain a due process claim as to Section 28's legality.

The City Defendants accordingly renew their request that summary judgment be granted as to Counts I, II, IV, V and VI because Plaintiff lacks vested rights.

GARAN LUCOW MILLER, P.C.

Dated:  July 5, 2023

By:_____
Peter B. Worden, Jr. (P41899)
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF, which will send notification of such filing to the following:  All ECF Attorney(s) of Record on this case.

GARAN LUCOW MILLER, P.C.

By:_____
Peter B. Worden, Jr. (P41899)
Attorneys for Defendants