**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

326 Land Company, a Michigan
limited liability company,

    Plaintiff,

v

City of Traverse City, a Michigan Home Rule
City, and Shawn Winter, City Planning Director,

    Defendants.

Case No. 1:22-CV-45

Honorable Paul L. Maloney

---

Ross A. Leisman (P41923)
James F. Scales (P40639)
Mika Meyers, PLC
Attorneys for Plaintiff
900 Monroe Ave., NW
Grand Rapids, MI 49503
(616) 632-8000
jscales@mikameyers.com
rleisman@mikameyers.com

Peter B. Worden (P41899)
Garan Lucow Miller, PC
Attorneys for Defendants
3335 W. South Airport Rd., Ste. 5A
Traverse City, MI 49684
(231) 941-1611
*Direct Mail To:*
1155 Brewery Park Blvd, Suite 200
Detroit, Michigan 48207-1530
pworden@garanlucow.com

---

**DEFENDANTS' BRIEF IN RESPONSE TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT AS TO COUNTS I AND IV OF PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(c) AND FRCP 56(a)**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................. i

INDEX OF AUTHORITIES ............................................................................................ ii

ARGUMENT ................................................................................................................... 1

INDEX OF EXHIBITS ................................................................................................... 6

# **INDEX OF AUTHORITIES**

## **Cases:**

*Bronner v City of Brighton*, 495 Mich 209, 235 (2014) .................................................. 4

*Mettler Walloon, LLC v Melrose Twp.,* 281 Mich App 184, 209 (2008) ......................... 4

*Wedges/Ledges of California, Inc. v City of Phoenix,* 25 F 3d 56, 62 (CA 9 1994) ........ 4

## **STATUTES**

MCLA §125.3601 ............................................................................................................ 2

MCLA §125.3603(a) ....................................................................................................... 3

MCLA § 3604(6) ............................................................................................................. 3

MCL § 125.3606 ............................................................................................................. 3

The City Defendants rely upon and incorporate as though fully set forth herein their previously filed Partial Motion for Summary Judgment as to Counts I, II, IV, V, and VI of Plaintiff's Complaint, and for Plaintiff's claims of estoppel, pursuant to FRCP 56 and Brief in Support (ECF No. 50), as well as their Reply Brief filed in further support of that Motion (ECF No. 59). For the remainder of this Response Brief, Defendants are going to focus on Section IV of Plaintiff's Brief, which Plaintiff has entitled "Count I alleges a valid claim of procedural due process regardless of vested rights."

Plaintiff's premise that issuing the Stop Work Order violated Plaintiff's procedural due process rights is flawed. First, Plaintiff ignores that it had a right to appeal the Stop Work Order to the Board of Zoning Appeals, followed by an appeal to the state Circuit Court. This served to provide Plaintiff with ample notice and an opportunity to be heard, which is the basic guarantee of procedural due process. Second, no process at all is required if the agreed party lacks an enforceable property interest; i.e., vested rights.

At the outset, Plaintiff implicitly criticizes Mr. Winter for his having gained an understanding of what was happening at the construction site by riding by it on his bicycle during his regular work commute. ("The initial impetus for the stop work order was Shawn Winter, the City's Planning Director, commuting to work on his bicycle past the 326 Land site.") Plaintiff's assumption appears to be that Mr. Winter's powers of observation somehow abandoned him merely because he happened to be riding a bicycle.

Actually, and as Mr. Winter pointed out in his deposition, the opposite is true: "[Y]ou know, you have a unique perspective on a bike. It's different than a car. You're aware of more." (Exhibit E to Plaintiff's Motion and Brief, Deposition Testimony of Shawn Winter, ECF No. 55-6, p. 25). This makes perfect sense, because a person riding a bicycle is

1

moving more slowly than one would in a car, and is outside in the open air, and thus is more attuned to what is going on around him. A motorist zipping by in a car can perhaps spare a quick glance of what might be happening on a construction site; someone pedaling a bicycle, on the other hand, can take time to really take a look.

Mr. Winter himself was confident that he had a good understanding of what was going on on the construction site based on his recurring observations. (*Id*, p. 34). He also pointed out that later, after the Stop Work Order had been issued and Plaintiff acquired a revised land use permit to allow it to pour a foundation pending the outcome of this litigation, he could see the crane used to create the foundation from his office window. (*Id*, p. 35). He knew he never seen that same crane during any of his bike commutes prior to the Stop Work Order. (*Id*, pp. 35-36).

In any event, Plaintiff's emphasis on Mr. Winter's mode of transportation ignores the fact that Plaintiff had notice and a meaningful opportunity to be heard, because Plaintiff could have appealed the Stop Work Order to the Board of Zoning Appeals but chose not to.

The Board of Zoning Appeals is established by Chapter 1324 of the Traverse City Zoning Ordinance (TCZO), attached hereto as **EXHIBIT A.** Chapter 1324 was passed pursuant to Article VI of the Michigan Zoning Enabling Act ("MZEA"), MCLA § 125.3601, et seq.

The Traverse City Board of Zoning Appeals consists of nine members appointed by the City Commission for overlapping terms of three years. Two alternate members are also appointed for three-year terms. (**EXHIBIT A**, § 1324.02(a) and (b)). TCZO § 1324.05(b) specifically provides:

2

> (b)   *Appeals.* The Board shall hear and decide appeals where it is alleged by the applicant that there is an error in any order, requirement, decision or determination made by the administrative official or body charged with the enforcement of this Zoning Code.

This provision derives from § 603(1) of the MZEA, MCLA § 125.3603(1) which states:

> It shall hear and decide appeals from and review any administrative order, requirement, decision, or determination made by an administrative official or body charged with enforcement of a zoning ordinance adopted under this act.

The Stop Work Order signed by Mr. Winter is an "administrative order, requirement, decision, or determination" made by him in enforcement of the zoning ordinance. It was brought on specifically by Judge Power's determination that the method of measuring building height under the zoning ordinance was in error. Mr. Winter was specifically applying and enforcing the new method of measuring building height that Judge Power had mandated be used under the zoning ordinance on 326 Land's project.

Board of Zoning Appeals hearings are public hearings and follow the procedures as established by statute, ordinance and resolution of the Board. TCZO §§ 1324.03 and 1324.04. MCLA § 125.3604(6) specifically gives the appellant the right to appear personally or by agent or attorney at the hearing.

If an appellant is dissatisfied with the decision of the Board of Zoning Appeals, TCZO § 1324.07 provides that an appellant may appeal to the Circuit Court which can then determine if the decision is "supported by competent, material, and substantial evidence on the record;" TCZO § 1324.07(b)(3). This available process of judicial review follows from the MZEA, at MCLA § 125.3606.

3

Procedural due process requires "notice and an opportunity to be heard," with the opportunity to be heard "granted at a meaningful time and in a meaningful manner." *Bronner v City of Brighton*, 495 Mich 209, 235 (2014).

In the present case, Plaintiff had notice in the form of the Stop Work Order, and had a meaningful opportunity to be heard in a meaningful way and in a meaningful manner. If Plaintiff felt that the City's interpretation of Judge Power's Order was in error, or that it had acquired vested rights and the Order did not apply to it, or for any other reason the Stop Work Order had been issued in error and/or was inappropriate, Plaintiff could have appealed the Stop Work Order to the Board of Zoning Appeals. If not satisfied by the outcome of that process, Plaintiff could have requested review by the Circuit Court. Yet, Plaintiff chose not to avail itself of this procedure. (**EXHIBIT B**; Affidavit of David Weston, Traverse City Zoning Administrator).

Moreover, *no process at all* is required if the agreed party lacks an enforceable property interest. *Mettler Walloon, LLC v Melrose Twp.,* 281 Mich App 184, 209 (2008) (" 'A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the constitution,' " citing and quoting from *Wedges/Ledges of California, Inc. v City of Phoenix,* 25 F 3d 56, 62 (CA 9 1994). Plaintiff's assertion that it can maintain a procedural due process claim "regardless of vested rights" is simply erroneous. If one lacks a constitutionally protected property interest, i.e., vested rights, one simply does not have a due process claim *even if there was no process whatsoever*.

4

And for the reasons outlined in the City Defendants' prior briefing, including ECF No.s 50 and 59, Plaintiff 326 Land had *not* acquired constitutionally protected, vested property rights at the time of the Stop Work Order.

Based on the foregoing, as well as the reasons previously expressed in the City Defendants' previous briefing, Plaintiff's Cross-Motion for Partial Summary Judgment should be denied.

                                          GARAN LUCOW MILLER, P.C.

Date: July 14, 2023        By: _____
                                            Peter B. Worden, Jr. (P41899)
                                            Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF, which will send notification of such filing to the following: All ECF Attorney(s) of Record on this case.

                                          GARAN LUCOW MILLER, P.C.

                By:    Peter B. Worden, Jr. (P41899)
                          Attorneys for Defendants

## INDEX OF EXHIBITS

| Exhibit | Description |
| --- | --- |
| A | Section 1364.02 of the Traverse City Zoning Ordinance ("TCZO") |
| B | Affidavit of David Weston |