UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| 326 Land Company, a Michigan limited liability company, | Case No. 1:22-CV-45 |
| Plaintiff, | Honorable Paul L. Maloney |
| V | |
| City of Traverse City, a Michigan Home Rule City, and Shawn Winter, City Planning Director, | |
| Defendants. | |

_____

| | |
|---|---|
| Ross A. Leisman (P41923)<br>James F. Scales (P40639)<br>Mika Meyers, PLC<br>Attorneys for Plaintiff<br>900 Monroe Ave., NW<br>Grand Rapids, MI  49503<br>(616) 632-8000<br>jscales@mikameyers.com<br>rleisman@mikameyers.com | Peter B. Worden (P41899)<br>Garan Lucow Miller, PC<br>Attorneys for Defendants<br>3335 W. South Airport Rd., Ste. 5A<br>Traverse City, MI  49684<br>(231) 941-1611<br>*Direct Mail To:*<br>1155 Brewery Park Blvd, Suite 200<br>Detroit, Michigan 48207-1530<br>pworden@garanlucow.com |

_____

**Supplement to Defendant's Brief in Opposition to Plaintiff's Motion for Summary Judgment as to Counts IV and V of Plaintiff's Complaint Pursuant to FRCP 12(c) and FRCP 56(a)**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................. i

INDEX OF AUTHORITIES ............................................................................................ii

ARGUMENT .................................................................................................................. 1

INDEX OF EXHIBITS .................................................................................................... 5

# **INDEX OF AUTHORITIES**

**Cases:**

*Bush v Shabahang*, 484 Mich 156, 166-167 (2009) ................................................. 1

*Macenas v Village of Michiana*, 433 Mich 380, 397 n 25 (1986) ................................... 1

While the City Defendants do not wish to test this Court's patience, beginning at page 6 of its Reply Brief (ECF No. 64) Plaintiff 326 Land raises a factual argument for the first time concerning measurement of building height.  Because this is a new argument the City Defendants were not able to address it in their Response Brief. The City Defendants therefore beg the Court's indulgence to consider the following.

Section 1320.07 of the Traverse City Zoning Ordinance ("TCZO") (**Exhibit A;** TCZO § 1320.07) defines various terms used within the City Zoning Ordinance, including the terms "alley" and "street."  As defined therein:

- "*Alley* means a way which functions primarily as a service corridor and provides access to properties abutting thereon.  "Alley" does not mean "street.""

    and

- "*Street*" means any public way, such as a public street, avenue or boulevard, at last 16 feet wide.  Street does not mean "alley."  See also "Private street.""

The general principles of statutory construction apply to the interpretation of zoning ordinances.  *Macenas v Village of Michiana*, 433 Mich 380, 397 n 25 (1986).  Thus, as far as possible, effect should be given to every phrase, clause, and word in the ordinance; and the ordinance should be read as a whole, and interpreted in a manner that ensures it works in harmony with the entire statutory scheme.  *Bush v Shabahang*, 484 Mich 156, 166-167 (2009).

Under those rules of construction, an "alley" is not a "street" and a "street" is not an "alley;" i.e., a public way cannot be both.  A "street" is *any* public way that meets the width requirement, unless it meets the definition of an "alley": "a way which functions primarily as a service corridor and provides access to properties abutting thereon."

1

The City Defendants do not dispute that the unnamed alley is a public way, and that it is at least 16 feet wide. But the next question is whether it functions primarily as a service corridor and provides access to properties abutting thereon, and thus is an "alley." If it is an "alley," it cannot be a "street."

In an attempt to show that the unnamed alley is more than a service corridor providing access to adjoining properties, Plaintiff incorrectly claims that it connects Boardman Avenue and Washington Street. But it does not.

**Exhibit B** is an aerial image with the property lines overlaid. It shows the public way represented by the alley as dead ending at its western end, where it connects to a private drive that then turns south to connect to Washington; a fact further confirmed by the Affidavit of David Weston, Traverse City Zoning Administrator, attached hereto as **Exhibit C**.

The alley is in no way a dedicated "through street" that connects other dedicated main public roads; as a public way it is a dead end, which connects on three sides only to adjoining private property to the north, west and south. The *only* possible function the alley has is to serve as a service corridor and provide access to these private properties. Thus it meets the TCZO's definition of "alley," and as such, is not a "street."

The alley's status as an alley rather than a street under the TCZO is further confirmed by the fact that the City has never named the alley. According to § 1020.02 of the City Ordinances, "All streets shall be known and designated by the names applied thereto, respectively, on the map of the City filed with the City Clerk, which map is hereby adopted and made a part of this section by reference. The naming of any new street or

2

the changing of the name of any street shall be done by resolution, which resolution shall amend the map."  (**Exhibit D**, City Ordinance § 1020.02).

The aforementioned City Map is attached as **Exhibit E**. It reflects the public way represented by the alley, terminating at its western end without turning south to connect to Washington; and it reflects the alley is unnamed.

Because the alley is an "alley," and not a "street," its elevation is not considered as part of the elevation from which one measures the height of a building under the TCZO.

Referring back to § 1320.07 (**Exhibit A)**, "*Height of building*" is defined to mean "the vertical distance from the grade to the highest point on a mansard or flat roof or to the median height between the eaves and the ridge for a gable, hip and gambrel roofs."

The term "*grade"* is defined by the same section to mean, for buildings having walls adjoining one street only, the elevation of the public sidewalk, top of curb, or center line of the street right-of-way whichever is closest to the building.  For buildings having walls adjoining more than one street, then the definition looks to the average elevation of the sidewalks, curbs or center lines of streets, whichever is closest to the building walls adjoining the streets.

Plaintiff's development is bordered by one street: State Street.  Because the unnamed alley running behind it is not a "street," we do not use the average elevation of State Street and the alley to determine "grade;" we look only to the elevation of State Street.  As Mr. Weston confirms in his attached affidavit, **Exhibit C**, as measured from the elevation of State Street the building including its rooftop insulation, membrane and pavers is 61 feet 6 inches tall – one and half feet above the 60' maximum. (See also the building details and Mr. Weston's previously submitted affidavit, ECF No. 61-4 and 61-5).

3

                                      GARAN LUCOW MILLER, P.C.

Date:  July 24, 2023                By: _____
                                            Peter B. Worden, Jr. (P41899)
                                            Attorneys for Defendants

## CERTIFICATE OF SERVICE

     I hereby certify that on July 24, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF, which will send notification of such filing to the following:  All ECF Attorney(s) of Record on this case.

                                      GARAN LUCOW MILLER, P.C.

                       By: _____
                                      Peter B. Worden, Jr. (P41899)
                                      Attorneys for Defendants

## **INDEX OF EXHIBITS**

| Exhibit | Description |
|---|---|
| A | Section 1320.07 of the Traverse City Zoning Ordinance ("TCZO") |
| B | Aerial Image with the property lines overlaid |
| C | Affidavit of David Weston |
| D | Section 1020.02 of the City Ordinance |
| E | City Map |