UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

326 Land Company, a Michigan
limited liability company,

    Plaintiff,

V

City of Traverse City, a Michigan Home Rule
City, and Shawn Winter, City Planning Director,

    Defendants.

Case No. 1:22-CV-45

Honorable Paul L. Maloney

---

| | |
|---|---|
| Ross A. Leisman (P41923)<br>James F. Scales (P40639)<br>Mika Meyers, PLC<br>Attorneys for Plaintiff<br>900 Monroe Ave., NW<br>Grand Rapids, MI 49503<br>(616) 632-8000<br>jscales@mikameyers.com<br>rleisman@mikameyers.com | Peter B. Worden (P41899)<br>Garan Lucow Miller, PC<br>Attorneys for Defendants<br>3335 W. South Airport Rd., Ste. 5A<br>Traverse City, MI 49684<br>(231) 941-1611<br>*Direct Mail To:*<br>1155 Brewery Park Blvd, Suite 200<br>Detroit, Michigan 48207-1530<br>pworden@garanlucow.com |

---

**Supplement to Defendant's Brief in Opposition to Plaintiff's Motion for Summary Judgment as to Counts IV and V of Plaintiff's Complaint Pursuant to FRCP 12(c) and FRCP 56(a)**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................. i

INDEX OF AUTHORITIES ............................................................................................ ii

ARGUMENT ................................................................................................................... 1

INDEX OF EXHIBITS ................................................................................................... 5

# **INDEX OF AUTHORITIES**

**Cases:**

*Sterten v Option One Mortgage Corp.,* 479 F.Supp.2d 479, 482-483 (USDC ED Penn. 2007), citing *Sandn v Mayo Clinic*, 495 F.2d 221, 224 (CA8 1974). .............................. 3

The City Defendants apologize for perhaps once again testing the patience of the Court, but the Court might benefit from clarification of some of the factual claims made in Plaintiff's Reply Brief (ECF No. 64).

§ 322.04(a) of the Traverse City Zoning Ordinance (TCZO) states that "The administration and enforcement of this Code shall be the responsibility of the Zoning Administrator." However, that does not mean that the Zoning Administrator is the *only* "administrative official or body charged with the enforcement of this Zoning Code" and thus whose actions can be reviewed by the Board of Zoning Appeals under TCZO § 1324.05(b). Mr. Winter, and the City's Planning Department which he oversees, are also responsible for enforcement of the zoning code.

The position of Planning Director is one created by the City Manager pursuant to authority granted by the City Commission. (See **Exhibit A**; minutes of the regular meeting of the City Commission on December 16, 1985, reaffirming the authority previously granted to the City Manager to create the position of City Planner; and see **Exhibit B**, the City Manager's Administrative Order No. 06 effective October 2010, which establishes the current functions of the City's Planning Department and the City planner). The City Manager's Administrative Order No. 06 provides that the Planning Department of the City of Traverse City would perform "planning and zoning services such as are traditionally or customarily performed by the Planning Department," including "administering all matters concerning zoning." The Administrative Order further provides "the City Planner shall act as head of this department".

Attached as **Exhibit C** are the Job Posting and Job Description for Mr. Winter's position as Planning Director that was in force as of the Stop Work Order dated November

1

18, 2021. (Lest the City Defendants be accused of providing incomplete information, the *current* Job Description in force now is also attached as **Exhibit D**; however, the differences between them are meaningless to this dispute).

Both the Job Posting and the Job Description specifically provide:

The Planning Director is responsible for developing and administering programs and regulations guiding the utilization of land and facilities within the City. *The Planning Director coordinates and directs all operations of the planning department, zoning administration and code enforcement activities,* and prepares and updates planning related studies. [Emphasis added]

On the second page of the Job Description, at Paragraph No. 11, the Description states that the Planning Director:

. . . Oversees the enforcement of zoning laws with the City. Ensures corrective measures are undertaken by landowners.

TCZO § 1322.04(a) specifically provides that the Planning Director appoints the Zoning Administrator. Both Mr. Weston, the Zoning Administrator, and Mr. Winter, the Planning Director, confirmed in their respective depositions that Mr. Winter is Mr. Weston's immediate supervisor. (**Exhibit E**, Deposition of Shawn Winter, pp. 5-6; and **Exhibit F,** Deposition of David Weston, p. 5).

Based on the foregoing, the City Defendants respectfully submit that Mr. Winter, by action of the City Manager pursuant to authority granted by the City Commission, is the "administrative official" charged with the enforcement of the TCZO. Furthermore, as Planning Director Mr. Winter is in charge of the Planning Department, which is the *body* "charged with the enforcement of this Zoning Code." Thus, his actions as Planning Director in signing the Stop Work Order would be subject to review by the Board of Zoning Appeals under TCZO § 1324.05(b).

2

And the Stop Work Order did directly relate to enforcement of the TCZO, in that it was based on the definition of "height of building" set forth in the TCZO at § 1320.07, as newly interpreted by a state court Judge. Mr. Winter wasn't simply reacting to a Court Order; he was reacting to how that Court Order required him to interpret and apply *the zoning ordinance.* This was entirely a zoning issue, and thus the Stop Work Order constituted an "order, requirement, decision or determination" subject to review by the Board of Zoning Appeals.

The City Defendants also wish to briefly note that there has been no waiver of any affirmative defense, because this issue is not an affirmative defense under FRCP 8(c). An "affirmative defense" is an assertion raising new facts and arguments that, if proven, defeat the plaintiff's claim even if the allegations in the Complaint are true; in other words, assuming a plaintiff's factual allegations make out a cause of action, an affirmative defense bars it. "On the other hand, a matter that merely negates an element of the plaintiff's prima facie case is not an affirmative defense." *Sterten v Option One Mortgage Corp.,* 479 F.Supp.2d 479, 482-483 (USDC ED Penn. 2007), citing *Sandn v Mayo Clinic*, 495 F.2d 221, 224 (CA8 1974).

On this issue the City Defendants are not asserting an affirmative defense that would preclude Plaintiff from proceeding with its claims even if its factual assertions are true; for example, the City Defendants are not claiming that Plaintiff has failed to exhaust its administrative remedies. Rather, the City Defendants are disputing a factual claim made by Plaintiff on one aspect of its Complaint: specifically, that there was no notice or opportunity to be heard as to the Stop Work Order. The City Defendants have pointed out that that is simply not true. This is not an assertion that negates Plaintiff's claims even

3

if they are true; rather, it is only denial of the facts claimed by plaintiff, which is a challenge to an element of Plaintiff's prima facie case. Thus, it is not required to have been pled as an affirmative defense, and there has been no waiver.

                                              GARAN LUCOW MILLER, P.C.

Dated: August 4, 2023        By: _____
                                            Peter B. Worden, Jr. (P41899)
                                            Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 4, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF, which will send notification of such filing to the following: All ECF Attorney(s) of Record on this case.

                                              GARAN LUCOW MILLER, P.C.

Dated: August 4, 2023        By: _____
                                            Peter B. Worden, Jr. (P41899)
                                            Attorneys for Defendants

**INDEX OF EXHIBITS**

| Exhibit | Description |
| --- | --- |
| A | Minutes of the City Commission meeting of December 16, 1985 |
| B | The City Manager's Administrative Order No. 06 effective October 2010, |
| C | Planning Director job description effective 1/1/20 |
| D | Planning Director job description effective 12/30/22 |
| E | Deposition of Shawn Winter |
| F | Deposition of David Weston |