UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

326 LAND COMPANY, LLC,  )
                Plaintiff,  )
                           )    No. 1:22-cv-45
-v-                           )
                           )    Honorable Paul L. Maloney
CITY OF TRAVERSE CITY, *et al.*,  )
                Defendants.  )
                           )

### OPINION AND ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR RES JUDICATA OR COLLATERAL ESTOPPEL

In this lawsuit, Plaintiff 326 Land Company challenges a stop-work order issued on November 18, 2021. Defendants filed this motion for summary judgment arguing that at least some of Plaintiff's claims must be dismissed under the doctrines of res judicata or collateral estoppel (ECF No. 51). Because Plaintiff had a full and fair opportunity to raise some of the causes of action raised in this lawsuit as part of an earlier lawsuit, the Court will grant the motion in part.

I.

This dispute relates back to a 2016 voter-approved amendment to Traverse City's charter. In the November 2016 election, the voters approved Proposition 3, which became part of the City Charter, Chapter IV, Section 28.[1] Section 28 requires a majority of voters to

---

[1] The section reads as follows:
It is hereby declared that buildings over 60 feet in height are generally inconsistent with the residential and historical character of Traverse City. Therefore, any proposal for construction of a building with a height above 60 feet, shall not be approved by the City or City Commission, until after the proposal is submitted and approved by a majority of the City electors at a regular election, or at a special election.

approve the construction of any building over 60 feet before the City can approve the project. In April 2017, the City Commission adopted a policy for implementing Section 28 that measured the height of buildings using the same method that had been used in the past (ECF No. 51-3 PageID.1376).

When the voters approved the new provision, Plaintiff owned property in downtown Traverse City and had plans to construct a 100-foot building there. In January 2017, Plaintiff filed a lawsuit challenging Section 28 and seeking a declaratory judgment. The circuit court located in Traverse County, the 13th circuit, dismissed the lawsuit on ripeness grounds, which the Michigan Court of Appeals affirmed in September 2018. *326 Land Co., LLC v. City of Traverse City*, No. 339755, 2018 WL 4658932 (Mich. Ct. App. Sept. 27, 2018).

Plaintiff next sought approval for its proposed building from the voters in the November 2018 election, which the voters rejected. Plaintiff returned to the Traverse County circuit court and in December 2018 filed a second lawsuit. *326 Land Co., LLC v. City of Traverse City, et al.*, No. 34701-cz (Mich. 13 Cir. Ct. 2018). Plaintiff alleged six causes of action: (1) declaratory judgment and facial challenge to Proposition 3; (2) Proposition 3 amounted to an unauthorized charter amendment under the Home Rule Cities Act; (3) Proposition 3 amounted to an unauthorized charter amendment under Michigan's Zoning Enabling Act; (4) procedural due process challenge to Proposition 3 for the failure to give notice and meaningful opportunity to be heard as part of a deprivation of property; (5) declaratory judgment that Proposition 3, as applied, constituted unlawful downzoning; and (6) declaratory judgment that Proposition 3, as applied constituted reverse spot zoning (ECF No. 51-4). The parties filed dispositive motions, which Judge Powers

resolved in a ruling from the bench on June 25, 2019 (ECF No. 51-5). Judge Powers issued a written order on June 26, 2019 (ECF No. 51-6 PageID.1502-03). Judge Powers denied 326 Land's motion for partial summary disposition on Counts 2 and 3 (*id.*). He granted the City's motions for summary disposition on all counts (*id.*). 326 Land did not file an appeal.

Plaintiff revised its plan for the building and in July 2021 obtained a land-use permit from Traverse City for a foundation for a 5-story residential building (ECF No. 51-7 PageID.1510). In August 2021, Plaintiff submitted an application for a construction permit to Grand Traverse County which stated that the proposed building would be 60 feet above ground (ECF No. 51-8 PageID.1512). The county approved the permit on November 12, 2021 (*id.* PageID.1513).

Also in July 2021, a group called Save Our Downtown (SOD) filed a lawsuit challenging Traverse City's approval of a different building proposal, the Innovo project. Traverse City had determined the proposed building did not exceed 60 feet and had approved a permit without submitting the project for a vote. The defendants filed summary disposition motions that addressed, in part, how the City should calculate the height of a proposed building. On November 10, 2021, at a hearing on the motions, Judge Powers concluded that when determining the height of a building, the measurement needed to include any covering on the top of the roof slab ((ECF No. 51-10 Hrg. Trans. at 67-68 PageID.1589-90). And, appurtenances on top of the building must also be included when calculating the building's height (*id.* at 71-72 PagerID.1593-94). As part of his ruling, Judge Powers issued an injunction against Traverse City prohibiting the City from approving any building in excess of 60 feet without a vote by the public (*id.* at 74-75 PageID.1596-97). Judge

Powers issued a written order on November 18, 2021, which included the following paragraph:

> The City ... [is] enjoined from approving any proposal to construct a building with a height above 60 feet as measured herein, without first placing the proposal on the ballot and receiving the approval of the electors as required by Section 28. No building over 60 feet in height as measured herein shall be constructed, unless and until the requirements of Section 28 are complied with and satisfied.

(ECF No. 51-11 PageID.1603).

The next day, on November 19, 2021, the City issued a stop-work order to Plaintiff referencing the land-use permit issued in July 2021 (ECF No. 51-12 PageID.1606).

Plaintiff filed this lawsuit on January 18, 2022.

Traverse City filed an appeal of Judge Powers' order in December 2021. On October 13, 2022, the Michigan Court of Appeals affirmed Judge Powers in part and reversed in part. *Save Our Downtown v. City of Traverse City*, 997 N.W.2d 498 (Mich. Ct. App. 2022). The court found that the City's zoning ordinance did not require rooftop appurtenances (e.g., air conditioning units and elevator shafts) to be included when measuring the height of a building. *Id.* at 535. The court also found that the voter approval of Proposition 3 did not include a change to how the City measures the height of a building. *Id.* at 536-40. As a result, the court found that the trial court erred in granting injunctive and declaratory relief in favor of the plaintiffs. *Id.* at 540. The court, nevertheless, found that the trial court did not err in granting summary disposition to the plaintiff. The court found a lack of genuine issue of material fact that the building measured 60 feet to the top of the roof deck and that

an approximately 2-foot covering lay on top of the roof deck. *Id.* at 541. Therefore, the height of the proposed building exceeded the 60-foot limitation in Section 28. *Id.* at 547.

The plaintiff sought leave to appeal with the Michigan Supreme Court, which denied leave on August 22, 2023. *Save Our Downtown v. City of Traverse City*, 993 N.W.2d 829 (Mich. 2023)

## II.

### A.

A trial court should grant a motion for summary judgment only in the absence of a genuine dispute of any material fact and when the moving party establishes it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that no genuine issues of material fact exist. *Celotex Crop. v. Catrett*, 477 U.S. 317, 324 (1986). To meet this burden, the moving party must identify those portions of the pleadings, depositions, answers to interrogatories, admissions, any affidavits, and other evidence in the record, which demonstrate the lack of genuine issue of material fact. Fed. R. Civ. P. 56(c)(1); *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018). The moving party may also meet its burden by showing the absence of evidence to support an essential element of the nonmoving party's claim. *Holis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531, 543 (6th Cir. 2014). When faced with a motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Pittman*, 901 F.3d at 628 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). The court must view the facts and draw all reasonable inferences from those facts in the light most favorable to the nonmoving party. *Maben v.*

*Thelen*, 887 F.3d 252, 263 (6th Cir. 2018) (citing *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

B.

"It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). The preclusive effect is required by federal statute, 28 U.S.C. § 1738, which is an extension of the Full Faith and Credit Clause of the United States Constitution. *Hillman v. Shelby Cty.*, 297 F. App'x 450, 451 (6th Cir. 2008). This Court must determine what preclusive effect Michigan law would afford the determinations and judgment in the earlier state-court action. *See Marrese v. American Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); *Spectrum Health Continuing Care Group v. Anna Marie Bowling Irrecoverable Trust Dated June 27, 2002*, 410 F.3d 304, 310 (6th Cir. 2005).

Under Michigan law, issue preclusion (collateral estoppel) precludes parties from relitigating issues of law or fact when certain conditions are met. *Spectrum Health*, 410 F.3d at 310. To benefit from issue preclusion, the moving party must prove: (1) the parties in both proceedings are the same or in privity, (2) there was a valid, final judgment in the first proceeding, (3) the same issue was actually litigated in the first proceeding, (4) that issue was necessary to the judgment, and (5) the party against whom preclusion is asserted (or its privity) had a full and fair opportunity to litigate the issue. *Id.* (citing *United States v. Dominguez*, 359 F.3d 839, 842 (6th Cir. 2004)). The Michigan Supreme Court advanced the same criteria, albeit as three elements: (1) a question of fact essential to the judgment must have

been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full and fair opportunity to litigate the issue, and (3) there must be mutuality of estoppel. *Monat v. State Farm Ins. Co.*, 677 N.W.2d 843, 845–46 (Mich. 2004).

For claim preclusion (res judicata), Michigan law requires that (1) the first lawsuit must have resulted in a decision on the merits, (2) the claim either must have been raised in the first lawsuit or could have been raised in the first lawsuit through reasonable diligence of the parties and (3) both lawsuits must have involved the same parties or their privies. *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 747 (6th Cir. 2002).

### III.

Plaintiff organizes the complaint to set forth six causes of action. Defendants argue that, in this lawsuit and as part of each claim, Plaintiff challenges the constitutionality of Section 28, something that Plaintiff already litigated in the second lawsuit filed in state court or could have litigated in that lawsuit. Defendants acknowledge that Count IV raises a claim based on the stop-work order only, a claim that could not have been brought as part of the earlier lawsuit (ECF No. 51 PageID.1334 - description of Count IV).

Defendants have demonstrated that several of the elements for res judicata and collateral estoppel exist. The parties to this lawsuit and to the 2018 lawsuit in state court are the same or are in privity. A valid and final judgment issued in the 2018 state-court lawsuit. And, Plaintiff had a full and fair opportunity to litigate the issues in that lawsuit. With this in mind, the Court considers Plaintiff's claims.

Plaintiff has not persuaded the Court that an intervening change in the law prevents application of res judicata or claim preclusion. The October 2022 decision by the Michigan

Court of Appeals did not constitute an intervening change in the law relevant to the claims litigated by these parties in the 2018 lawsuit. The 2022 opinion in the Innovo lawsuit did not implicate any of the claims that Plaintiff brought in the 2018 lawsuit.

A.

Res judicata bars any facial challenges to Section 28 that Plaintiff brings as part of Counts II and V. Plaintiff pleads Count II as a violation of substantive due process. The allegations appear to raise a facial challenge to Section 28. In paragraph 126, Plaintiff asserts the "facial irrationality of Proposition 3 is demonstrated by the fact that a 100 foot tall building might be permitted if approved by the voters, which a 61 foot tall building on the exact same site would be prohibited if rejected by the voters" (ECF No. 1 Compl. ¶ 126 PageID.20). But, Plaintiff also brings an as-applied challenge based on its interest in the July land use permit (*id.* ¶ 122 and ¶ 128 PageID.20). Similarly, in Count V (another claim grounded in due process), Plaintiff asserts that Section 28 "as applied to a building permitted by right without special land use approval is unlawful and invalid because it is contrary to state law" (*id.* ¶ 158 PageID.24). These as-applied challenges were not and could not have been raised in the 2018 lawsuit. The facial challenges to Section 28, however, were either raised or could have been raised in the 2018 lawsuit.

B.

Neither res judicata nor collateral estoppel apply to Count 1, which does not raise a facial challenge to Section 28. In Count 1, Plaintiff pleads that it possesses vested rights in the land-use permit issued by Traverse City and that the City violated Plaintiff's rights when it issued the stop-work order and revoked the land-use permit. Plaintiff refers to both the

due process clause in the Fourteenth Amendment and to the just compensation clause in the Fifth Amendment. In its response, Plaintiff does not argue or defend Count 1 as a facial challenge. To the extent Count 1 does raise a due process or just compensation facial challenge to Section 28, that claim would be subject to res judicata.

C.

Neither res judicata nor collateral estoppel apply to Count III, Plaintiff's equal protection claim. In this claim, Plaintiff contends that downtown Traverse City already has buildings that exceed 60 feet, including appurtenances on the roof, and that developers did not have to obtain voter approval prior to construction. Plaintiff pleads that Section 28 now requires voter approval or buildings identical to or similar in height to existing buildings. Plaintiff asserts that disparate treatment of identical or nearly identical buildings on the results of an election does not satisfy the rational basis standard. Plaintiff did not raise an equal protection claim in the 2018 lawsuit.

The factual differences between the 100-foot building underlying the earlier lawsuit and the 60-foot building underlying this lawsuit preclude application of res judicata. In the earlier lawsuit, Plaintiff could not have raised an equal protection claim for a building that exceeded the 60-foot height limit based only on appurtenances on the rooftop. To the extent Plaintiff brings an equal protection facial challenge to Section 28 based on the different treatment of buildings exceeding 60 feet in height before and after the approval of Proposition 3, res judicata applies to that claim. Plaintiff could have brought such an equal protection claim in the prior lawsuit.

D.

Neither res judicata nor collateral estoppel apply to Count VI. Count VI raises a Fifth Amendment takings claim based on the inability to place appurtenances on a 60-foot tall building. In paragraph 165, Plaintiff explicitly pleads the claim as-applied to "the 326 Land building," which the Court interprets as the 60-foot building underlying this lawsuit. To the extent that Plaintiff might also plead a general challenge to Section 28 as causing a taking, that claim could have been brought in the earlier lawsuit and would be precluded by res judicata.

IV.

Res judicata bars any facial challenge Plaintiff brings to Section 28 in this lawsuit. Plaintiff previously filed a lawsuit against Traverse City challenging Section 28. That lawsuit involved the same parties or their privies, the parties had a fair opportunity to litigate the claims, and the lawsuit ended with a decision on the merits. Plaintiff did not pursue any appeal. Any claim Plaintiff did litigate in that earlier lawsuit, or could have brought, cannot now be raised in this lawsuit. The Court will grant Defendants summary judgment and will dismiss the facial challenges brought against Section 28 as part of Claims II and V in this lawsuit.

## ORDER

For the reasons set forth in the accompanying Opinion, the Court **GRANTS IN PART** Defendants' motion for summary judgment (ECF No. 51). **IT IS SO ORDERED.**

Date:   March 31, 2025                                         /s/  Paul L. Maloney
                                                                               Paul L. Maloney
                                                                               United States District Judge