UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| 326 Land company, LLC, | ) | |
|               Plaintiff, | ) | |
| | ) | No. 1:22-cv-45 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| City of Traverse City, *et al.*, | ) | |
|               Defendants. | ) | |
| | ) | |

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNTS 4 AND 5

In the 2016 general election, the voters in Traverse City approved an amendment to the City Charter, Proposition 3. The charter amendment, now found in Chapter 4, Section 28, requires any building over 60 feet in height to be approved by a majority of the voters before the City can approve the project. In July 2021, Plaintiff 326 Land Company secured a land-use permit from Traverse City based on a proposed building project in the downtown area. At the time, the City did not think that Section 28 applied to the proposal. In November 2021, in a lawsuit not involving Plaintiff, a state court judge issued an order specifying how Traverse City calculate the height of a proposed building under Section 28. The court also issued an injunction, which Traverse City interpreted as applying to all construction projects. Traverse City then issued a stop-work order to Plaintiff. The City filed an appeal in the other lawsuit.

Plaintiff filed this lawsuit challenging the stop-work order. Since Plaintiff filed this lawsuit, the Michigan Court of Appeals affirmed the state court order in part but reversed the injunction. And, the Michigan Supreme Court denied leave to appeal the opinion issued

by the Michigan Court of Appeals. Plaintiff interprets the opinion from the Michigan Court of Appeals as invalidating Section 28 and seeks summary judgment on Counts IV and V (ECF No. 52). The Court disagrees with Plaintiff's interpretation of the opinion and will deny the motion.

I.

This dispute relates back to voter-approved amendment in 2016 to Traverse City's charter. The charter amendment (Section 28) requires a majority of voters to approve the construction of any building over 60 feet.[1] In April 2017, the City Commission adopted a policy for implementing Section 28 that measured the height of buildings using the same manner as it had used in the past.

When the voters approved the new provision, Plaintiff owned property in downtown Traverse City and had plans to construct a 100-foot building there. In the 2018 election, Plaintiff presented its proposed building to the voters. The majority of voters rejected the proposal. In December 2018, Plaintiff filed a lawsuit challenging Section 28. *326 Land Co., LLC v. City of Traverse City, et al.*, No. 34701-cz (Mich. 13 Cir. Ct. 2018). The trial court rejected Plaintiff's claims and upheld Section 28. Plaintiff did not file any appeal.

Plaintiff revised its plan for the building and in July 2021 obtained a land-use permit from Traverse City for a foundation for a five-story residential building. In August 2021,

---

[1] The relevant provision states as follows:
It is hereby declared that buildings over 60 feet in height are generally inconsistent with the residential and historical character of Traverse City. Therefore, any proposal for construction of a building with a height above 60 feet, shall not be approved by the City or City Commission, until after the proposal is submitted and approved by a majority of the City electors at a regular election, or at a special election.

2

Plaintiff submitted an application for a construction permit to Grand Traverse County which stated that the proposed building would be 60 feet above ground. The county approved the permit on November 12, 2021.

Also in July 2021, a group called Save Our Downtown (SOD) filed a lawsuit challenging Traverse City's approval of a different construction project, the Innovo project. Similar to Plaintiff's proposed building, Traverse City had determined Innovo's proposed building did not exceed 60 feet. Traverse City approved Innovo's permit without first submitting the project to a vote by the electorate. Innovo successfully intervened in the lawsuit. The City and Innovo each filed summary disposition motions.

Following a hearing on November 10, 2021, Judge Powers concluded that when determining the height of a proposed building, the measurement needed to include any covering on the top of the roof slab (ECF No. 51-10 Hrg. Trans. at 67-68 PageID.1589-90). Judge Powers also found that appurtenances on top of the building must be included when calculating the building's height (*id.* at 71-72 PagerID.1593-94).

Judge Powers denied the City's and Innovo's motions for summary disposition and granted summary judgment in favor of SOD under Michigan Rule of Court 2.116(I)(2). He found the record lacked a genuine issue of material fact that the building exceeded 60 feet in height because of the layer on top of the roof slab. As part of his ruling, Judge Powers issued an injunction against Traverse City prohibiting the City from approving any building in excess of 60 feet without a vote by the public. Judge Powers issued a written order on November 18, 2021, which included the following paragraph:

> The City ... [is] enjoined from approving any proposal to construct a building with a height above 60 feet as measured herein, without first placing the proposal on the ballot and receiving the approval of the electors as required by Section 28. No building over 60 feet in height as measured herein shall be constructed, unless and until the requirements of Section 28 are complied with and satisfied.

(ECF No. 51-11 PageID.1603).

The next day, on November 19, 2021, the City issued a stop-work order to Plaintiff referencing the land use permit issued in July 2021 (ECF No. 51-12 PageID.1606).

Traverse City filed an appeal of Judge Powers' order in December 2021. On October 13, 2022, the Michigan Court of Appeals affirmed Judge Powers in part and reversed in part. *Save Our Downtown v. City of Traverse City*, 997 N.W.2d 498 (Mich. Ct. App. 2022). The court found that the City's zoning ordinance determined how to measure the height of a building, which excludes rooftop equipment from the measurement. *Id.* at 534-35. And, the court rejected SOD's argument that the enactment of Proposition 3 affected how the City should measure the height of a building. *Id.* at 536-37. As a result, the court of appeals concluded that the trial court erred by granting declaratory and injunctive relief. The court concluded that the charter amendment did not require a method of measuring the height of a building that differed from the method found in the zoning ordinance. *Id.* at 540.

The court, nevertheless, found that the trial court did not err in granting summary disposition to SOD. *Id.* at 540. The court found a lack of a genuine issue of material fact that the building measured 60 feet to the top of the roof deck and that an approximately two-foot covering lay on top of the roof deck. *Id.* at 541. Therefore, the height of the proposed building exceeded the 60-foot height limitation in Section 28. *Id.* at 547.

The plaintiff sought leave to appeal with the Michigan Supreme Court, which denied leave on August 22, 2023. *Save Our Downtown v. City of Traverse City*, 993 N.W.2d 829 (Mich. 2023).[2]

Plaintiff filed this lawsuit on January 18, 2022.

## II.

A trial court should grant a motion for summary judgment only in the absence of a genuine dispute of any material fact and when the moving party establishes it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that no genuine issues of material fact exist. *Celotex Crop. v. Catrett*, 477 U.S. 317, 324 (1986). To meet this burden, the moving party must identify those portions of the pleadings, depositions, answers to interrogatories, admissions, any affidavits, and other evidence in the record, which demonstrate the lack of genuine issue of material fact. Fed. R. Civ. P. 56(c)(1); *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018). The moving party may also meet its burden by showing the absence of evidence to support an essential element of the nonmoving party's claim. *Holis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531, 543 (6th Cir. 2014). When faced with a motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Pittman*, 901 F.3d at 628 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). The court must view the facts and draw all reasonable

---

[2] When the parties briefed this motion, the Michigan Supreme Court had not yet declined leave to appeal. The parties disagreed whether the Michigan Court of Appeals' opinion was binding under the Michigan Rules of Court. The denial of leave to appeal makes the court of appeal's decision the final decision.

inferences from those facts in the light most favorable to the nonmoving party. *Maben v. Thelen*, 887 F.3d 252, 263 (6th Cir. 2018) (citing *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

### III.

Plaintiff contends the Michigan Court of Appeals opinion entitles it to summary judgment on Count IV and V of its complaint.

### A.

Plaintiff pleads Count IV as a due process violation. Plaintiff reasons that because Section 28 does not specify the manner in which a building's height must be measured, the City must use the standards provided by the City's zoning ordinances (ECF No. 1 Compl. ¶ 145 PageID.22). Plaintiff pleads that the City issued the land-use permit in compliance with Section 28 and the implementation policy, and pleads that Section 28 does not authorize the revocation of a properly issued land-use permit (*id.* ¶ 147-148 PageID.23). Finally, Plaintiff pleads that the state trial court declined to extend the injunction to existing building permits (*id.* ¶ 149 PageID.23). Plaintiff concludes that the City improperly issued the stop work order in violation of the due process clause of the Fourteenth Amendment (*id.* ¶ 151 PageID.23).

Plaintiff argues that this Court should grant summary judgment on Count IV because the Michigan Court of Appeals rejected the trial court's interpretation of Section 28 and reversed the injunction. And, Plaintiff contends that Defendants have admitted that the City properly issued the land-use permit.

The parties disagree whether Plaintiff's building exceeds 60 feet in height without including rooftop appurtenances in the measurement. Defendants rely on an affidavit from David Weston, the Planning and Zoning Administrator for Traverse City (ECF No. 61-5 Weston Aff. PageID.2336). He avers that Plaintiff's proposed building includes approximately 18 inches of material on top of the roof structure (*id.* ¶ 6 PageID.2336). Weston states that before the Innovo lawsuit, the City would not have included the 18 inches of material when measuring the height of the building (*id.* ¶ 7 PageID.2336). But, following the Innovo dispute, the material would be included when measuring the height of Plaintiff's proposed building and, as a result, the building exceeds 60 feet in height (*id.* ¶¶ 9-10 PageID.2337). In its reply, Plaintiffs submit an affidavit from Tom McIntyre, the managing member of 326 Land (ECF No. 64-3). McIntyre states that the proposed building is bordered by State Street and by a paved access road or ally (*id.* ¶ 3 PageID.2339 and ¶ 4 PageID.2400). McIntyre further contends that the grade of the access road is four feet higher than the grade of State Street (*id.* ¶ 6 PageID.2400).[3]

The record contains a dispute of fact precluding summary judgment on Count IV.[4] The City's zoning ordinance, § 1320.07, defines "height of building" as "the vertical distance from the grade to the highest point ...." Discussing the figure referenced in the ordinance, the Michigan Court of Appeals noted that the figure showed "that the height of a building with a flat roof is measured from the *average* grade at the bottom of a building to the ledge

---

[3] In its reply brief, Plaintiff argues that the grade for paved access road or ally can be considered when calculating the average grade. The Court has not considered this argument and notes only that Defendant has not been afforded any opportunity to address it.

[4] Addressing the dispute about the height of its building, Plaintiff concedes that "a factual issue exists" (ECF No. 64 at 8 PageID.2369).

of the flat roof." *Save Our Downtown*, 997 N.W.2d at 504 (emphasis added). The difference between the grades seems to be reflected in a drawing found in the plans submitted by Plaintiff to the City (*see* ECF No. a42-3 PageID.568). In the image in the Court record, the relevant numbers indicating the height of the building are blurry and illegible. And, the Court cannot discern whether the drawing calculates the height of the building using the grade for State Street, the grade of the paved ally or the average grade of the streets around the building.

The Court will deny Plaintiff's request for summary judgment on Count IV. Following the Innovo lawsuit, the City cannot include rooftop appurtenances when calculating the height of a proposed building. That interpretation of the law does not resolve the matter in Plaintiff's favor as a genuine issue of material fact remains whether the proposed building exceeds 60 feet in height and would require approval by the voters.

B.

In the complaint, Plaintiff also introduces Count V as a claim for a violation of due process. Plaintiff asserts that the City's application of Section 28 to Plaintiff's proposed building "has the effect of nullifying the provisions of the TCZO which permits such a building as a matter of right, without the need for a special land use or other approval" (ECF No. 1 Compl. ¶ 154 PageID.23). Plaintiff contends Traverse City was created under Michigan's Home Rule City Act and under state law, no provision of a city charter can conflict with general laws of the State (*id.* ¶ 155 PageID.23). Plaintiff further contends that the Home Rule Act, Michigan Compiled Laws § 117.4i(c) permits a city to adopt zoning ordinances that regulate the height of buildings (*id.* ¶ 156 PageID.24). Plaintiff concludes

that Section 28, enforced by the stop-work order, is invalid because the City cannot regulate the height of the building by a vote.

In its motion, Plaintiff argues that the Michigan Court of Appeals opinion in the Innovo litigation functionally declared invalid Section 28. Plaintiff is wrong.

The Michigan Court of Appeals did not invalidate Section 28. First, the Michigan Court of Appeals *affirmed* the circuit court's decision to grant City summary judgment because the proposed building exceeded 60 feet and, therefore, violated Section 28 because the City approved the project without first submitting the proposal to the voters. Plaintiff's interpretation of the opinion cannot be reconciled with this holding. Second, Plaintiff has misrepresented the state court's conclusion. In the following passage, which Plaintiff quotes selectively, the Michigan Court of Appeals rejects the assertion that charter amendment constituted an impermissible alteration of the zoning ordinance.

> Assuming that the charter amendment implies a method of measuring buildings that differs from that stated in the zoning ordinance, plaintiff's argue that the city charter controls because it is tantamount to Traverse City's constitution and, therefore, possesses greater authority. Even if we agreed with plaintiff's interpretation of the charter amendment and the existence of a conflict between the zoning ordinance and the charter amendment, *which we do not*, we would necessarily have to disagree with plaintiff's assertion that the conflict must be resolved in favor of the city charter because of its superior authority. Although Plaintiff's alleged in their complaint that the charter amendment invalidated certain zoning ordinances, they insist that the aim of the charter amendment was not to amend the zoning ordinance. Nevertheless, the practical effect of plaintiff's argument is just that: amendment of the zoning ordinance's method of measuring building height. However, to the extent that the charter amendment purported to change the zoning ordinance's method of measuring the height of a building, the charter amendment would be invalid. An initiative that purports to enact or amend a zoning ordinance is invalid unless it complies with the procedural requirements found in the Michigan Zoning Enabling Act (MZEA), MCL 125.3101 *et seq.*

*Save Our Downtown*, 997 N.W.2d at 507 (emphasis added). Plaintiff's block quote omits the beginning portion of the paragraph in which the court expressly rejects the premise of the argument made by the plaintiffs, that the charter amendment contains a method of measuring buildings. Because the charter amendment does not contain a method for measuring the height of a building, the charter amendment and the zoning ordinance are not in conflict. Plaintiff quotes the opinion starting after the word "however." But, that portion of the passage amounts to advisory dicta predicated on a contingency the court had rejected.

In a supplemental brief (ECF No. 72), Plaintiff argues that a recent opinion issued by the Michigan Court of Appeals, *City of Farmington v. Farmington Survey Committee*, — N.W.2d—, 2024 WL 4030631 (Mich. Ct. App. Sept. 3, 2024) calls into question the validity of Section 28. *Farmington* involved a voter initiative that proposed amendments to a home-rule city charter that "would establish an application process, selection criteria, licenses, licensing fees, and various regulations for two-adult use, recreational marijuana establishments." *Id.* at *1. The city clerks refused to certify the petitions asserting, among other reasons, that the proposed amendments were preempted by the Michigan Regulation and Taxation of Marihuana Act (MRTMA). *Id.* The cities filed a lawsuit seeking declaratory relief, which the trial court granted. The Michigan Court of Appeals affirmed.

The court of appeals considered whether "recreational marijuana facilities may be regulated through voter-initiated charter amendments or whether this is an impermissible subject for a voter-initiated charter amendment in light of the provisions in MRTMA." *Id.* at 5. The court noted that local regulation of an entire field can be preempted by the state. *Id.* at *4. Even when the entire field has not been preempted, the state can limit local

regulation within specific parameters. *Id.* And, "[t]he state may also choose to restrict how or by whom local control may be exercised." *Id.* The court concluded that MRTMA carved out limited and specified powers for local regulation. *Id.* at *6-*7. The court held that MRTMA did not permit implementation of local regulations by a voter-initiated charter amendment. *Id.* at *7. The court pointed to provisions of MRTMA that distinguished between municipalities and individuals and found that the "statute clearly affords different authority to municipalities as opposed to individuals." *Id.* The statute only authorized individuals to petition for an ordinance to completely prohibit or set the number of marijuana retail establishments. *Id.*

Plaintiff has not demonstrated that *City of Farmington* requires this Court to invalidate Section 28 as part of an as-applied challenge. In Traverse City, voters must approve a proposed building only when the building exceeds 60 feet in height. Plaintiff has not shown that Michigan Zoning Enabling Act (MZEA) completely preempts the field of zoning. Nor has Plaintiff demonstrated that the MZEA imposes particular limits on how or who can approve a proposed building that exceeds a certain height. The Court also notes that both *City of Farmington* and *Save Our Downtown* are published opinions. To the extent any tension exists in the holdings between the two opinions, *Save Our Downtown* necessarily upheld Section 28 while *City of Farmington* considered an altogether different state law and local regulation.

IV.

Plaintiff 326 Land Company has not established a basis for this Court to grant summary judgment on either Count IV or Count V. For Count IV, a genuine issue of material fact exists about the height of Plaintiff's proposed building. The record contains evidence that calls into question whether the proposed building would exceed 60 feet as measured by the method provided in the zoning ordinance. For Count V, Plaintiff misinterprets the holding in *Save Our Downtown*. The court did not find a conflict between Section 28 and the zoning ordinance.

## ORDER

For the reasons set forth in the accompanying Opinion, the Court **DENIES** Plaintiff's motion for summary judgment (ECF No. 52). **IT IS SO ORDERED.**

Date:   March 31, 2025                                   /s/  Paul L. Maloney
                                                         Paul L. Maloney
                                                         United States District Judge